

# THE ATTORNEY GENERAL

## OF TEXAS

**GERALD C. MANN**

~~XXXXXXXXXXXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS    February 3, 1939

Hon. Wm. Scanlan
Assistant County Attorney
Brownsville, Texas

Dear Mr. Scanlan:

Opinion No. O-207
Re: Sheriff's legal right for issu-
ing commissions to certain persons
acting as watchmen, poundmasters, and
others.

Your request for an opinion on the following question has been
received by this office: Has the sheriff the legal right to issue commis-
sions to certain persons acting as watchmen, poundmasters, and others whose
business requires them to carry large sums of money on their persons?

Article 3902 of the Revised Civil Statutes of Texas reads, in
part, as follows:

"Whenever any district, county or precinct
office shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such
deputies, assistants or clerks, stating by sworn
application the number needed, the position to be
filled and the amount to be paid. Said applica-
tion shall be accompanied by a statement showing
the probable receipts from fees, commissions and
compensation to be collected by said office during
the fiscal year and the probable disbursements
which shall include all salaries and expenses of
said office; and said court shall make its order
authorizing the appointment of such deputies,
assistants and clerks and fix the compensation to
be paid them within the limitations herein pre-
scribed and determine the number to be appointed
as in the discretion of said court may be proper;
provided that in no case shall the Commissioners'
Court or any member thereof attempt to influence
the appointment of any person as deputy, assist-
ant or clerk in any office. Upon the entry of
such order the officers applying for such assist-
ants, deputies or clerks shall be authorized to
appoint them; provided that said compensation
shall not exceed the maximum amount hereinafter
set out."

The statute sets out specifically the manner in which appointments of deputies are to be made. When sworn application in the form above outlined has been presented to the Commissioners' Court, then the Commissioners' Court has authority to make its own order authorizing the appointment of such deputies, assistants and clerks, fixing the compensation of such deputies, assistants and clerks within the legal limitations and determines the number to be appointed, as in the discretion of the Court is proper.

Article 6869 of the Revised Civil Statutes of Texas reads in part as follows:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed shall, before he enters upon the duties of his office, take and subscribe to the official oath which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the county clerk and deposited in said office. The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the justice precinct in which is located the county site of such county, and one in each justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the clerk's office. An indictment for a felony of any deputy sheriff appointed shall operate a revocation of his appointment as such deputy sheriff."

Article 6871 of the Revised Civil Statutes reads as follows:

"Whenever in any county it becomes necessary to employ guards for the safe keeping of prisoners and the security of jails, the sheriff may, with the approval of the commissioners' court, or in case of emergency, with the approval of the county judge, employ such number of guards as may be necessary; and his account therefor, duly itemized and sworn to shall be allowed by said court and pait out of the county treasury."

Article 6876 of the Revised Civil Statutes reads as follows:

"Whenever the sheriff or any of his deputies shall meet with resistance in the execution of any legal process, they shall call to their aid the power of the county; and any person who shall neglect or refuse to aid and assist any sheriff or deputy in the execution of any legal process when summoned to do so shall be deemed guilty of a contempt of court, and shall be fined not exceeding ten dollars, to be recovered on motion of such sheriff or his deputy and proof of such neglect or refusal before the court from which such process issued, three days' notice of such motion being given to the party accused, and in addition thereto may be punished criminally as prescribed in the Penal Code."

With regard to county traffic officers, their appointment and the compensation to be paid them is fixed by Article 6699, and are not to be considered in the limited number of deputy sheriffs that is specifically provided for in the above mentioned articles.

Article 1015, Section 18, Revised Civil Statutes, gives the governing body of a city the right to appoint watchmen and policemen and prescribe their duties, powers and compensation.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that the sheriff does not have authority or the legal right to issue commissions to person who have jobs as watchmen or as poundmasters, or any other persons except by the method prescribed in Articles 3902 and 6869. Any other appointments so made are without authority of law. Lancaster vs. Carter, 255 S.W. 392.

Trusting that the foregoing answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
/s/ Ardell Williams
Ardell Williams
Assistant

AW:AW:egw

APPROVED:
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS